IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

STACIE MENDENHALL, *on behalf*                      PLAINTIFF
*of J.D.M., a Minor Child*

    v.                  CIVIL NO. 5:17-CV-5203

NANCY A. BERRYHILL, [1] Acting Commissioner,
Social Security Administration                        DEFENDANT

## **MEMORANDUM OPINION**

Plaintiff, Stacie Mendenhall, brings this action on behalf of her minor son, J.D.M., seeking judicial review, pursuant to 42 U.S.C. § 405(g), of a decision of the Commissioner of the Social Security Administration (Commissioner) denying J.D.M.'S application for child's supplemental security income (SSI) benefits under Title XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

Plaintiff protectively filed the application for SSI on her minor son J.D.M.'s behalf on May 22, 2014, alleging that J.D.M., who was five years of age when the application was filed, was disabled due to anxiety attacks, asthma, attention deficit disorder (ADD), concentration disorder, and tic disorder. (Tr. 84, 94). An administrative video hearing was held on September 3, 2015, during which Ms. Mendenhall appeared with counsel and testified. (Tr. 39-61).

---

[1] Nancy A. Berryhill, has been appointed to serve as acting Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

1

By written decision dated June 29, 2016, the ALJ found J.D.M. had the following severe impairments: attention deficit hyperactivity disorder (ADHD), depression, anxiety disorder, disruptive disorder, not otherwise specified, and tic disorder. (Tr. 18). However, the ALJ further found that as J.D.M. did not have an impairment or combination of impairments that was medically or functionally equal to a listed impairment, J.D.M. was not disabled. (Tr. 18-31).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which after considering additional evidence submitted by Plaintiff, denied that request on August 13, 2017.[2] (Tr. 1-6). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 7). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 14, 15).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th

---

[2] With respect to the additional evidence from the relevant time period that was submitted to the Appeals Council, the Appeals Council made the following determination, "We find this evidence does not show a reasonable probability that it would change the outcome of the decision. We did not consider and exhibit this evidence." The Court notes that, here, as the Court found in Benoit v. Berryhill, although the Appeals Council denied Plaintiff's request for review and indicated that it did not consider or exhibit the evidence, the Appeals Council's decision reflects that the Appeals Council received the additional records; that it reviewed these records; and that it concluded that these records did not provide a basis for changing the decision of the ALJ. Benoit v. Berryhill, 2018 WL 4554519 *7 (E.D. Mo. 2018).

Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

The regulations prescribe a three-step process for making the disability determination. First, the ALJ must determine whether the child has engaged in substantial gainful activity. See 20 C.F.R. 416.924(b). Second, the ALJ must determine whether the child has a severe impairment or combination of impairments. See 20 C.F.R. 416.924(c). Third, the ALJ must determine whether the severe impairment(s) meets, medically equals, or functionally equals a listed impairment. See 20 C.F.R. § 416.924(d).

The Court has reviewed the entire transcript and the parties' briefs. For the reasons stated in the ALJ's well-reasoned opinion and the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit and finds that the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed and Plaintiff's Complaint is dismissed with prejudice. See Sledge v. Astrue, No. 08-0089, 2008 WL 4816675 (W.D. Mo. Oct. 31, 2008) (summarily affirming ALJ's denial of disability benefits), aff'd, 364 Fed. Appx. 307 (8th Cir. 2010).

IT IS SO ORDERED AND ADJUDGED this 27th day of February, 2019.

/s/ *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE